## Commonwealth ex rel., Appellant, *v.* Strickler.

*Cities—Councilmen—Disclosure of interest—Quo warranto—Act of June 27, 1913, P. L. 568.*

A writ of quo warranto issued under the provisions of Section 9, Article IV of the Act of June 27, 1913, P. L. 568, Sec. 9, providing for the ousting of councilmen who should vote without disclosing any personal or private interest in the measure voted upon, was held properly quashed, where all that appeared was that the councilmen in question had voted for a tenant as janitor of a municipal building and that the tenant was at the time of the election indebted to him for rent.

Argued May 7, 1917. Appeal, No. 146, Jan. T., 1917, by plaintiff, from order of C. P. Fayette Co., March T., 1916, No. 758, quashing writ of quo warranto in case of Commonwealth of Pennsylvania ex rel., S. John Morrow, District Attorney of Fayette County, v. J. Arthur Strickler. Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ. Appeal dismissed.

Quo warranto to oust public official. Before REPPERT, J.

The opinion of the Supreme Court states the case.

A writ of quo warranto was issued and subsequently quashed. Commonwealth appealed.

*Error assigned* was the order quashing the writ.

*H. S. Dumbauld,* for appellant.

*A. E. Jones,* with him *J. B. Adams,* for appellee.

PER CURIAM, June 30, 1917:

The appellee, while a member of council of the City of Uniontown, voted for a certain person as janitor for one of the municipal buildings. The man for whom he voted was his tenant, indebted to him for rent at the time of the election, and this proceeding was instituted against him to oust him from his office as councilman, under Section 9, Article IV, of the Act of June 27, 1913, P. L. 568, which is as follows: "A member who has a personal or private interest in any measure or bill proposed or pending before the council shall disclose the fact to council, and shall not vote thereon, nor take any part in the discussion of the same. If such interested person shall vote without disclosing his interest in such measure or bill, and the same be carried by his vote, he shall forfeit his office, and the measure or bill shall be void."

A writ of quo warranto was issued in pursuance of the suggestion for it, but was subsequently quashed by the court below. That it was properly quashed appears from the following in the opinion quashing it: "As applied to the facts of this case the word 'interest' in the section of the act above quoted means pecuniary interest. We do not think it can be contended that in an election of city employees a councilman voting for one with whom he has business relations, who might be indebted to him or to whom he might be indebted on current account, would, for that reason, offend against the section of the act referred to and subject himself to its penalties. A councilman can have no possible pecuniary interest or profit within the meaning of the act in the salary of a municipal employee, even should the relation of debtor or creditor exist between them. The salary is paid directly to the employee for a personal service in the rendering of which and in the compensation for which necessarily no one but himself can be concerned. It is true that the grocer with whom he deals and the landlord of whom he rents his house may be on the council that em-

ployed him and may have voted to employ him, but that gives them no interest in his wages or the right to any portion of them. The section is manifestly not aimed at such a state of facts, or at any such relation. If the relation in itself is not of such a character as to come within the prohibition of the act, then the implication of the sixth paragraph of the suggestion must be of some misconduct by the defendant or McDonald or both, or of some corrupt understanding between them. For this, clearly, should it exist, the remedy is in Section 7, of Article IV, instead of Section 9."

Appeal dismissed at appellant's costs.