Yenerall Appeal.

Argued April 11, 1949. Before Rhodes, P. J., Hirt, Reno, Dithrich, Arnold and Fine, JJ. (Ross, J., absent).

*J. B. F. Rinehart*, with him *R. Wallace Maxwell* and *Waychoff, Maxwell & Waychoff*, for appellant.

*James W. Hawkins*, with him *R. Stanley Smith* and *Sayers & Hawkins*, for appellees.

Opinion by Reno, J., July 15, 1949:

Alleging that one of the supervisors was unlawfully interested in a contract made by him on behalf of the board, Lawrence T. Yenerall, a taxpayer, appealed to the court below from the report of the auditors of Jefferson Township, Greene County. The court, finding that the depositions did not sustain the allegations and

that there were no matters of fact in dispute requiring the framing of an issue, dismissed the appeal. Yenerall brought the case to this Court.

The report related to the year 1946, and showed expenditures of $2266.20 for the hire of a truck[1] on an hourly basis from Margaret Fischer, who is the daughter of supervisor J. L. Armstrong. She is married and lives with her husband who maintains a separate home. The truck was purchased in 1944 from one Ivan A. Moon for $750, with money borrowed from J. L. Armstrong by Margaret's husband Harry, and repaid by him. Title was taken in Margaret's name, and so remained during 1946, when she personally operated the truck pursuant to orders from her father. The payments, approved by the board at its monthly meetings, were made by checks payable to her order, and there is no evidence that any part of their proceeds was turned over to her father. There is proof, however, that at the time the truck was purchased Armstrong told his daughter and her husband that he would give them work on the township roads whenever he had opportunity to do so.

The Second Class Township Law of May 1, 1933, P. L. 103, §520, 53 PS §19093-520 provided: "It is unlawful for any township supervisor . . . to be interested, directly or indirectly, in any purchase made or contract relating to roads and bridges, except as provided for in this act, or to furnish any materials therefor."[2]

---

[1] The Second Class Township Law of May 1, 1933, P. L. 103, §516, 53 PS §19093-516, authorized the supervisors to "Employ or hire such persons, teams and implements as may be necessary for the maintenance and repair of highways . . ."

[2] The Act of 1933, supra, was revised and reënacted by The Second Class Township Code of July 10, 1947, P. L. 1481, 53 PS §19093-101 et seq. By §5, 53 PS §19093-520, it reënacts §520 substantially in the form provided by the Act of 1933.

The testimony does not clearly disclose whether during 1946 the Fischers still owed Armstrong any of the money borrowed for the purchase of the truck.[3] Even if there were sums then due and Armstrong gave Margaret work to assure payment of the loan, his interest in the contract of hiring was not unlawful. The interest which will invalidate a contract "must be certain, pecuniary or proprietary, and capable of proof. It must be direct, not possible or contingent, nor depending on an indirect benefit, as that contract may or may not affect other independent transactions. A sentimental interest or a general interest is not enough": *Wilson v. New Castle,* 301 Pa. 358, 363, 152 A. 102. Evidence of the existence of the relation of debtor and creditor between a contractor and a supervisor does not of itself provide proof of an unlawful interest. *Com. ex rel. v. Strickler,* 259 Pa. 60, 102 A. 282. The authorities do not sustain appellant's view that Armstrong's loan and his promise to secure work constituted such an interest as warranted a surcharge.

During 1946 the Act of May 15, 1945, P. L. 538, §§1, 2, 65 PS §§191, 192, was in force in townships of the second class.[4] It provides that, except in "cases involving fraud or collusion on the part of such officers . . ." surcharges against public officers shall be limited to "the actual financial loss sustained by the political subdivision. . . ." The court below found, and the evidence sustains the finding, that Jefferson Township suffered no financial loss by the contract. It is not contended that the services for which payments were made were not actually performed or that the rate paid

---

[3] When Harry Fischer testified he was asked by appellant's counsel: "Q. Had you in 1946 paid Tucker for the truck? A. Yes, I had it paid off by that time." But "Tucker" is not identified by the testimony.

[4] The Act of 1945, supra, was repealed, so far as it applied to townships of the second class, by The Second Class Township Code of July 10, 1947, P. L. 1481, §49.

did not conform with the rate usually received for similar services in the community. True, appellant testified that on one occasion the truck was used to haul dirt to Armstrong's farm and on another day it stood idle in front of his home. But his proof did not establish that the township paid for the hire of the truck during those periods, and thus afforded no basis for the calculation of financial loss. Nor was there any proof that would support a finding of fraud or collusion on the part of the officers of the township.

President Judge Hook gave the case careful and competent consideration, and his findings of fact are sustained by the evidence.

Affirmed.